**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

ALIANNA GRANT, an individual

Plaintiff,

v. Case No.: ____________

OPENAI, INC., a Delaware corporation; OPENAI OPCO, LLC, a Delaware limited liability company; OPENAI HOLDINGS, LLC, a Delaware limited liability company; OPENAI GROUP PBC, a Delaware public benefit corporation; and SAMUEL ALTMAN, an individual

Defendants.
____________________________________/

**NOTICE OF REMOVAL**
**TO THE UNITED STATES DISTRICT COURT**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants OpenAI, Inc., OpenAI OpCo, LLC, OpenAI Holdings, LLC, OpenAI Group PBC and Samuel Altman (collectively, "Defendants") remove this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. Plaintiff, through her counsel, has advised that she does not oppose this removal. The grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1. On June 25, 2026, Plaintiff Alianna Grant commenced a civil action against Defendants in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, styled *Alianna Grant v. OpenAI, Inc., et al.*, Case No. 2026 CA 001352 (the "Complaint").

2. The Complaint alleges various claims arising out of a mass shooting at Florida State University on April 17, 2025. Plaintiff seeks damages for personal injuries she allegedly sustained in that shooting.

3. Defendants were served with the Summons and Complaint on September 4, 2026.

4. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket and all process, pleadings, and orders served upon Defendants in the State Court Action are attached as Composite Exhibit A.

## GROUNDS FOR REMOVAL

### I. This Court has Diversity Jurisdiction

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different States in which the amount in controversy exceeds $75,000, exclusive of interest and costs. The action is therefore removable under 28 U.S.C. § 1441(a)–(b).

**A. Complete Diversity of Citizenship Exists**

Complete diversity exists between Plaintiff and Defendants. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332 (c)(1), and a limited liability company is a citizen of every state in which its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff Alianna Grant is, and at the commencement of the action was, a citizen of the State of Florida. *See* Compl. ¶ 2. Defendant Samuel Altman is a natural person domiciled in, and therefore a citizen of, the State of California. *See id.* ¶ 7. None of the OpenAI entities named as Defendants are citizens of Florida:

- OpenAI, Inc. (now known as OpenAI Foundation), is headquartered in San Francisco, CA, and is incorporated in Delaware. *See id.* ¶ 3.
- OpenAI Group PBC, is headquartered in San Francisco, CA, and is incorporated in Delaware. *See id.* ¶ 6.
- OpenAI Holdings, LLC, was merged into OpenAI Group PBC and no longer exists as a standalone entity. Regardless, as Plaintiff alleges, OpenAI Holdings, LLC was not a citizen of Florida as of the filing of the Complaint. *See id.* ¶ 5.
- OpenAI OpCo, LLC is a limited liability company whose citizenship is determined by tracing through its members, OpenAI Global, LLC and New io Holdings, Inc. New io Holdings, Inc. is headquartered in San Francisco, California and incorporated in Delaware. The members of OpenAI Global, LLC are as follows:
    - OAI Corporation, which is headquartered in San Francisco, California and incorporated in Delaware.

- ○ OpenAI Global HoldCo, Inc., which is headquartered in San Francisco, California, and incorporated in Delaware.
- ○ OpenAI Global HoldCo II, Inc., which is headquartered in San Francisco, California, and incorporated in Delaware.

Because Plaintiff is a citizen of Florida and no Defendant is a citizen of Florida, complete diversity of citizenship exists between Plaintiff and all Defendants. *See* 28 U.S.C. §§ 1332, 1441.

**B. The Amount in Controversy Exceeds $75,000**

Although the Complaint alleges only that damages "exceed[] Fifty Thousand Dollars ($50,000.00)," *id.* ¶ 1, that allegation reflects a minimum state-court pleading threshold. In assessing the amount in controversy, this Court "is not bound by the plaintiff's representations regarding [the] claim" and may apply "reasonable inferences, or other reasonable extrapolations" drawn from its judicial experience and common sense. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). A removing defendant facing an indeterminate demand need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Id.* at 1061.

Although Defendants deny that Plaintiff is entitled to the relief for which Plaintiff has prayed, given the nature of the injuries alleged, it is "more likely than not" that the amount in controversy exceeds $75,000. The Complaint alleges that Plaintiff was struck by three bullets and has sustained a range of allegedly "severe, permanent, and debilitating injuries," including "permanent physical injuries and

impairment; severe and permanent emotional distress and mental anguish; loss of capacity for the enjoyment of life; past and future medical and psychiatric expenses; past and future lost wages and diminished earning capacity; and other economic and non-economic damages that are permanent or continuing in nature." Compl. ¶¶ 20, 59. Those allegations easily satisfy the requirement that the amount in controversy "more likely than not" exceeds $75,000.

## II. All Remaining Requirements for Removal Are Satisfied

All other statutory requirements for removal are satisfied. Defendants were served with the Summons and Complaint on September 4, 2026, and this Notice was filed on September 17, 2026, thirteen days after service. This Notice is therefore timely under 28 U.S.C. § 1446(b)(1), which requires filing within 30 days of service. The action was commenced on June 25, 2026, so the one-year limitation in 28 U.S.C. § 1446(c)(1) does not apply.

All Defendants who have been properly joined and served consent to removal, as required by 28 U.S.C. § 1446(b)(2)(A), and the undersigned counsel confirms that consent on behalf of each Defendant.

Venue is proper in this Court because the Northern District of Florida embraces Leon County, where the state-court action was pending. *See* 28 U.S.C. §§ 89(a), 1441(a), 1446(a). Leon County lies within the Tallahassee Division. N.D. Fla. Loc. R. 3.1(A)(3), 3.1(B).

**NON-WAIVER OF DEFENSES**

By filing this Notice of Removal, Defendants do not waive any defenses that may be available, including, without limitation, lack of subject matter jurisdiction or Plaintiff's failure to state a claim. With this Notice of Removal, Defendants do not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, this action is removed from the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida.

Respectfully submitted this 17th day of September by:

*s/ Hannah E Murphy*
Douglas L. Kilby , FBN 73407
Elizabeth Desloge Ellis, FBN 97873
**Hannah E. Murphy, FBN 1032759**
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
106 E. College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: (850) 580-7200
dkilby@stearnsweaver.com
lellis@stearnsweaver.com
hmurphy@stearnsweaver.com

Brian M. Willen*
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
31 West 52nd Street, Fifth Floor
New York, NY 10019-6118
Telephone: (212) 999-5800
bwillen@wsgr.com

Samantha A. Machock*
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
12235 El Camino Real #200
San Diego, CA 92130
Telephone: (858) 350-2300
smachock@wsgr.com

Matthew A. Macdonald*
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
matthew.macdonald@wsgr.com
**pro hac vice* forthcoming

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on September 17, 2026. I further certify that the document is being served by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those counsel or parties who are registered to receive NEFs and additionally via email on Plaintiff's counsel.

/s/*Hannah E Murphy*
Attorney